11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Derrick Polly

Appellant

Vs.                   No.
11-01-00251-CV B Appeal from Dawson County

Texas Department of
Criminal Justice, Institutional Division et al

Appellees

 

Derrick
Polly sued the Texas Department of Criminal Justice, Institutional Division,
and four employees of TDCJ-ID for injuries Polly alleged he received when he
slipped and fell while taking a shower in his prison cell.  Polly alleged that the defendants were
grossly negligent and acted with conscious indifference, that they allowed a
premise defect to exist when they did not equip the shower area with safety
mechanisms, and that the employee defendants were negligent in failing to
reduce the risk in the shower area of his cell.  Polly sued the employee defendants both individually and in their
official capacities and claimed that they were liable under TEX. GOV=T CODE ANN. '' 494.001 & 497.096 (Vernon 1998), under TEX. CIV. PRAC. & REM.
CODE ANN. ' 104.002 (Vernon 1997), and under TEX. CONST.
art. I, '' 11 & 16.  Polly alleged that all the defendants were liable under the Texas
Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ' 101.001 et seq. (Vernon 1997 & Supp.
2001).  The trial court dismissed Polly=s suit for failure to Apresent a legal cause of action.@  We
affirm.

On
appeal,  Polly contends that the trial
court abused its discretion because his petition stated claims against TDCJ-ID
and its employees under the Tort Claims Act; under Sections 104.002, 494.001,
and 497.096; and under the Texas Constitution. 
We disagree.  

Neither
section of the constitution that appellant cites is relevant to this case, and
neither supports appellant=s claims.  One relates to bail
and the other to ex post facto laws.  Furthermore,
Sections 104.002, 494.001, and 497.096 do not create a cause of action and do
not constitute a waiver of immunity. 
See, e.g., Montana v. Patterson, 894 S.W.2d 812 (Tex.App. - Tyler 1994,
no writ).  








Regarding
the Tort Claims Act, we hold that the trial court did not abuse its discretion
in determining that appellant=s allegations of a premise defect had no arguable basis in law.  Appellees owed appellant only the duty that
a private person owes to a licensee. 
Section 101.022.  That duty is
not breached when an open and obvious condition brings about the injury.  McKethan v. McKethan, 477 S.W.2d 357
(Tex.Civ.App. - Corpus Christi 1972, writ ref=d n.r.e.); see also Bishop v. City of Big Spring, 915 S.W.2d 566
(Tex.App. - Eastland 1995, no writ).  A
wet shower floor is likely to be slippery, and such slipperiness is not a
premise defect.  Appellant did not
allege any willful, wanton, or grossly negligent conduct.  

We hold
that the trial court did not abuse its discretion in dismissing appellant=s claims under TEX. CIV. PRAC. & REM.
CODE ANN. ' 14.003 (Vernon Supp. 2001).  

The
judgment of the trial court is affirmed. 


 

PER
CURIAM

 

November 15, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.